T.C. Memo. 1996-402

UNITED STATES TAX COURT

RONALD L. AND DEBORAH L. MILLER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7132-94.                          Filed August 27, 1996.

Ronald L. Miller, pro se.

<u>Alvin A. Ohm</u>, for respondent.

MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant
to section 7443A(b)(3) and Rules 180, 181, and 182.[1]  Respondent
determined a deficiency in petitioners' 1990 Federal income tax
in the amount of $2,786.  The issue is whether petitioners are

_____

[1]     Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for 1990, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

entitled to deduct various expenses claimed on their Schedule C in excess of the amounts allowed by respondent. Petitioners resided in Dallas, Texas, at the time their petition was filed.

Ronald L. Miller (petitioner) is engaged in the business of tax preparation and consulting, doing business under the name of Express Tax Service. He holds an associate degree in arts and science with an accounting emphasis from Eastfield College, and a bachelor of science degree in accounting from the University of Texas at Dallas. On January 15, 1989, petitioner commenced a 1-year lease of an office located at 8541 Ferguson Road in Dallas, Texas. The terms of the lease provided for a monthly rent of $535, to be increased to $650 if the lease was renewed, and utilities to be paid by petitioner. According to petitioner, at the conclusion of the lease, he and his landlord, referred to in the record only as Dr. Cantrell, orally agreed to renew the lease for 1 year and to maintain the rent payments of $535. There is no written documentation of this agreement.

On the Schedule C filed with his 1990 return, petitioner claimed deductions for various business expenses including $1,188 for rental of a printer, $6,420 for rent of the office space, $2,544 for utilities, and $2,764 for the cost of a software program. In the notice of deficiency, respondent disallowed each of the above deductions for lack of substantiation.

We begin by noting that, as a general rule, the Commissioner's determinations are presumed correct, and the

taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). All taxpayers are required to keep sufficient records to enable respondent to determine their correct tax liability. Sec. 6001.

If the record provides sufficient evidence that a taxpayer has incurred a deductible expense, but the taxpayer is unable to adequately substantiate the amount of the deduction to which he or she is otherwise entitled, the Court may, under certain circumstances, estimate the amount of such expense and allow the deduction to that extent. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). However, in order to estimate the amount of an expense, we must have some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

Section 162(a) generally allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. The regulations

promulgated under section 162 clarify that only those ordinary and necessary business expenses "directly connected with or pertaining to the taxpayer's trade or business" may be deducted. Sec. 1.162-1(a), Income Tax Regs. In addition, under section 262(a) no portion of the expenditures attributable to personal, living, or family expenses may be deducted, except as otherwise expressly provided in the Code.

Petitioner testified that he paid $1,188 during 1990 for the use of a laser printer. He explained that he rented the printer from January through April 1990 because he could not afford to purchase the equipment outright. In support of his deduction, at trial petitioner presented two canceled checks written in January and March, each in the amount of $297, which respondent agreed would be allowable. Petitioner was unable to produce any documentation to support the remainder of his deduction.

In light of his profession as an income tax return preparer, petitioner should have been well aware of the requirement of a taxpayer to maintain adequate records to substantiate his income and deductions. Petitioner claims that he is unable to provide documentation because he was locked out of his office in June 1991 for failure to pay his rent, and all of his records were in the office. Petitioner presented no evidence to support his claim of eviction, nor did he explain why he did not request supporting statements from his bank to establish that the monies had in fact been paid. Moreover, we found petitioner's testimony

less than credible and his attitude regarding compliance with the Internal Revenue Code and the regulations and the Tax Court Rules of Practice and Procedure to be, at best, cavalier. Therefore, we find no grounds upon which we may properly estimate an allowable deduction in excess of the amount allowed by respondent.

We next consider petitioner's deduction for monthly rental payments for his office space in the aggregate amount of $6,420. Immediately prior to trial, respondent conceded that four payments for rent for January through April, totaling $2,140, were allowable.

Petitioner was unable to locate a canceled check for the rent payment he allegedly made in May, and was also unable to produce receipts of money orders he allegedly purchased to pay his rent from June through September. For the remainder of the year, petitioner presented the following carbon copies of checks written:

| Date | Check No. | Amount | Payee |
|------|-----------|--------|-------|
| 10/10/96 | 335 | $535 | Dr. Cantrell |
| 11/10/96 | 338 | 535 | East Dallas Veterinary |
| 12/9/96 | 406 | 535 | Unknown[1] |

[1] Petitioner withdrew several exhibits during the trial for the purpose of making copies and was informed by the Court of his responsibility to return the copies for inclusion in the record. To date, petitioner has failed to return the documents.

There is no evidence in the record that the checks were, in fact, issued to the payees or negotiated at all. Moreover, respondent

raised valid concerns regarding the authenticity of the carbon copies. Petitioner did not produce corroborating statements from his bank or testimony from payees to support his position. Based on the above discussion regarding petitioner's credibility and lack of substantiation, we find that we have no basis upon which to estimate an allowable deduction in excess of the amounts allowed by respondent.

For similar reasons, we find that petitioners are not entitled to deduct expenses for utilities in excess of the amount allowed by respondent. Petitioner claimed a deduction for utility expenses in the aggregate amount of $2,544, all of which respondent disallowed in the notice of deficiency. At trial, counsel informed this Court that respondent would accept petitioner's substantiation of the utility expenses in the amount of $731.51, leaving $1,812.49 in dispute. Petitioner produced additional canceled checks and money order receipts totaling only $502.64. The documents presented fail to establish that the payments were credited to the utility and/or telephone accounts of Express Tax Service, as opposed to petitioners' account for their personal residence. Accordingly, we find for respondent on this issue.

With respect to the deduction for the expense of a tax software program, we again have no evidence, other than the self-serving testimony of petitioner, to substantiate that such an expense was incurred. Petitioner offered to present the manuals

of the software program and some correspondence with the company, but was unable to produce any form of receipt, canceled check, or shipping invoice for the program which he claims was mailed by the manufacturer "Collect on delivery".  For the reasons cited above, we find for respondent on this issue.

<u>Decision will be entered under Rule 155</u>.